IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HERBERT L. CAMPBELL,** | ) | **CASE NO. 4:12CV3193** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 7, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 7, 2012, against more than 100 Defendants. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff is currently confined in the Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. (*See* Docket Sheet; Filing No. 1 at CM/ECF pp. 4, 33.)

Condensed and summarized, Plaintiff alleges he was wrongfully convicted and sentenced to 60 years in prison on a "void judgment." (Filing No. 1 at CM/ECF p. 6.) *See also State v. Campbell*, No. A-02-653, WL21212116 (Neb. May 27, 2003) (affirming Plaintiff's convictions and sentences for two counts of robbery, two counts of kidnapping, and four counts of use of a weapon to commit a felony). Plaintiff's 33-page Complaint and 100-page attachment contain numerous allegations regarding the unlawfulness of his convictions and sentences. (*See Id.*; Filing No. 1-1.) Plaintiff seeks a jury trial "to bring out the real contents and evidence in this matter." (Filing No. 1 at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a

prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement.  See *Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996), (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

Here, Plaintiff alleges he was wrongfully convicted and sentenced to 60 years in prison on a "void judgment." (Filing No. 1 at CM/ECF p. 6.) Plaintiff's numerous allegations regarding the unlawfulness of his convictions and sentences implicate the validity of his current confinement. (*Id*. at CM/ECF pp. 1-33; Filing No. 1-1.) As set forth above, the court cannot address such claims in an action brought pursuant to 42 U.S.C. § 1983.  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 21st day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.